Opinion issued February 23, 2012.

 

 



 

 

 

              

 

 

In The

Court of Appeals

For The

First District of Texas

____________

 

NO. 01-11-01016-CR

____________

 

MARK ANTHONY CHILDS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 240th District Court 

Fort Bend County, Texas

Trial Court Cause No. 10-DCR-054540

 

 



MEMORANDUM
OPINION








              Appellant,
Mark Anthony Childs, attempts to appeal his October 7, 2011 conviction for felony
criminal mischief.  Under Texas Rule of
Appellate Procedure 26.2(a), a notice of appeal was due on or before November
7, 2011.  See Tex. R. App. P.
26.2(a).  Appellant filed his notice of
appeal on November 16, 2011.[1]

              A
notice of appeal that complies with the requirements of Rule 26 is essential to
vest this court with jurisdiction.  See Slaton v. State, 981 S.W.2d 208, 210
(Tex. Crim. App. 1998).  The court of
criminal appeals has expressly held that without a timely filed notice of
appeal or motion for extension of time we cannot exercise jurisdiction over an
appeal.  See Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996); see
also Slaton, 981 S.W.2d at 210.

Because the notice of appeal in this case was untimely, we have no basis
for jurisdiction over this appeal.  Accordingly, we dismiss the appeal for want of
jurisdiction.  See Tex. R. App. P.
43.2(f); Slaton, 981 S.W.2d at 210; Olivo, 918 S.W.2d at 523.  We dismiss all pending motions as
moot.

PER CURIAM

Panel consists of Justices Jennings, Massengale,
and Huddle. 

Do not publish.   Tex.
R. App. P. 47.2(b).











[1]
The certificate of service for Appellant’s notice of appeal reflects that it
was served on all parties on November 14, 2011, not on the file-marked date of
November 16, 2011.  Nevertheless, even if
the notice of appeal is considered filed on November 14, 2011, the notice was
untimely.  See Tex. R. App. P.
9.2(b), 26.2(a).